UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALITY TOWING, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALESKA N. JACKSON, et al.,<br><br>Defendants. | Case No. 15-cv-01756-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**(Re: Docket No. 58)** |

Each year starting in 2012, Plaintiff Victor Vargas, on behalf of his towing company, Plaintiff Quality Towing, Inc., applied for a towing services agreement with the California Highway Patrol in Monterey County.[1] And each year, Defendant William Perlstein, a CHP captain in Monterey, rejected Vargas' applications, held hearings on his initial appeals and denied those as well.[2] The first two denials, in 2012 and 2013, cited Vargas' already-dismissed felony convictions.[3] In 2014, Vargas successfully petitioned to amend the Highway Patrol Manual to remove a clause requiring CHP officers to consider such dismissed convictions when deciding on a TSA application.[4] But even after that clause had been removed, Perlstein denied Plaintiffs'

---

[1] *See* Docket No. 55 at ¶¶ 29, 62, 89, 114.

[2] *See id.* at ¶¶ 43, 48-50, 63, 69, 71-72, 90, 92-94, 114, 116-118. Technically, in 2013, Vargas applied under the name "Victor Vargas d/b/a Central Coast Towing & Transport," and Quality Towing applied separately. *Id.* at ¶ 62. Perlstein denied Vargas' application as Central Coast, while the complaint does not allege what happened with Quality Towing's application in Monterey County. *See id.* at ¶¶ 63-64.

[3] *See id.* at ¶¶ 44, 50, 63, 72.

[4] *See id.* at ¶¶ 82-84.

1
Case No. 15-cv-01756-PSG
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT

applications in 2014 and 2015—now, Plaintiffs allege, in retaliation for Plaintiffs' previous First Amendment activity.[5]

Defendants Perlstein and Valeska Jackson, Perlstein's fellow CHP officer, move to dismiss on a number of grounds.[6] The court need not reach beyond the first: Plaintiffs' claims are barred by issue preclusion. Specifically, the TSA application process satisfied the fairness test the Supreme Court set out in *United States v. Utah Construction & Mining Co.*[7] Therefore, under the Ninth Circuit's decision in *Miller v. County of Santa Cruz*, CHP's findings have preclusive effect on this court.[8] By affirming Perlstein's decisions to deny Plaintiffs' applications, CHP implicitly found that those decisions were justifiable. That, in turn, precludes Plaintiffs from claiming that CHP would have accepted their applications but for Defendants' alleged retaliation. The motion is GRANTED, but with leave to amend.

## I.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[9]

## II.

Federal courts must accord state court judgments the same preclusive effect that those judgments would have in state court.[10] In California, the Ninth Circuit has extended that principle to "state administrative adjudications of legal as well as factual issues, even if unreviewed, so long

---

[5] *See id.* at ¶¶ 125-139.

[6] *See* Docket No. 58.

[7] 384 U.S. 394, 422 (1966).

[8] 39 F.3d 1030, 1032-33 (9th Cir. 1994).

[9] *See* Docket Nos. 14, 16.

[10] *See* 28 U.S.C. § 1738; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

as the state proceeding satisfies the requirements of fairness outlined in [*Utah Construction*]."[11] Those *Utah Construction* fairness requirements are the following: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate."[12]

Both sides focus on whether the CHP procedures satisfied the *Utah Construction* test. On the first two prongs, Plaintiffs' arguments are not persuasive. Whether the agency acts in a judicial capacity depends on the character of the proceedings. "Indicia of proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision."[13] Plaintiffs were afforded hearings at which they presented evidence and testimony; afterwards, they received written statements of the reasons for the decisions against them.[14] In ruling on Plaintiffs' applications and hearing their appeals, CHP was acting in a judicial capacity. Furthermore, the issues that CHP resolved were properly before it. As the Ninth Circuit has explained, "[a]n issue is properly before an administrative tribunal if that body has jurisdiction to decide it" under state law.[15] Plaintiffs do not contest CHP's jurisdiction under California law to rule on TSA applications.

---

[11] *Miller*, 39 F.3d at 1032-33 (quoting *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988)). The California Supreme Court has adopted the *Utah Construction* factors in deciding whether to grant an administrative decision preclusive effect. *See Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 869 (2010) (citing *People v. Sims*, 32 Cal. 3d 468, 479 (1982)).

[12] *Id.* at 1033 (citing *Utah Construction*, 384 U.S. at 422).

[13] *Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal. 4th 921, 944 (2006) (citing *Sims*, 32 Cal. 3d at 480).

[14] *See* Docket No. 55 at ¶¶ 92-95, 97-107, 119. The exception was their initial hearing before Perlstein in 2015, where Plaintiffs allege that Perlstein refused to allow them to present certain evidence or to provide them with a written decision. *See id.* at ¶ 117.

[15] *Misischia v. Pirie*, 60 F.3d 626, 630 (9th Cir. 1995) (quoting *Guild Wineries*, 853 F.2d at 759).

The closest question, however, is whether Plaintiffs had an adequate opportunity to litigate. For two reasons, Defendants have the better of the argument. First, the Ninth Circuit has said that "the availability of judicial review is a crucial factor in determining preclusive effect."[16] Under California law, a party aggrieved by an administrative decision may petition a state court for a writ of mandate.[17] The reviewing court can inquire as to whether the agency has exceeded its jurisdiction, whether the petitioner had a fair trial, whether the agency's decision is not supported by its findings and whether the agency's findings are not supported by the evidence before it.[18] And although "[t]he general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency,"[19] the reviewing court may admit evidence that the agency improperly excluded or that the petitioner did not have the opportunity to produce before the agency.[20] This procedure "provide[s] an adequate opportunity to challenge a procedurally flawed administrative hearing."[21] Plaintiffs here "had an opportunity, which [they] chose not to take, for judicial review, and even for the presentation of evidence in the reviewing court to demonstrate procedural irregularities by" CHP.[22]

In addition, and perhaps more importantly, Plaintiffs appealed Perlstein's decisions in both 2014 and 2015 to a higher-ranking CHP officer. And although Plaintiffs believe these officers were incorrect to affirm Perlstein's denials, Plaintiffs do not allege any procedural irregularities in

---

[16] *Wehrli v. County of Orange*, 175 F.3d 692, 694 (9th Cir. 1999).

[17] *See* Cal. Civ. Proc. Code § 1094.5.

[18] *See id.* § 1094.5(b).

[19] *Embury v. King*, 191 F. Supp. 2d 1071, 1083 (N.D. Cal. 2001) (quoting *Pomona Valley Hosp. Med. Ctr. v. Superior Court*, 55 Cal. App. 4th 93, 101 (1997)).

[20] *See* Cal. Civ. Proc. Code § 1094.5(e).

[21] *Embury*, 191 F. Supp. 2d at 1084.

[22] *Misischia*, 60 F.3d at 630.

4
Case No. 15-cv-01756-PSG
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT

these appeal hearings.[23]  Nor do they allege that these hearing officers violated Plaintiffs' constitutional rights.[24]  As the written denials of these second-level appeals show,[25] Vargas and his wife appeared at appeal hearings and argued their case at length.[26]  Afterwards, the hearing officers—Assistant Chief R.S. McRae in 2014, and Assistant Chief T.S. Sturges in 2015—upheld Perlstein's denials and explained their reasoning in detail.[27]  The appeal hearings and the mandate procedure, individually and especially in combination, afforded Plaintiffs an adequate opportunity to litigate the denials of their TSA applications.  Those decisions therefore have preclusive effect in this litigation.

The only remaining issue is exactly how issue preclusion affects Plaintiffs' cause of action.  To state a claim for retaliation for First Amendment activity, Plaintiffs are required to show "a substantial causal relationship between the constitutionally protected activity and the adverse action."[28]  They must "allege facts ultimately enabling [them] to 'prove the elements of retaliatory animus as the cause of injury,' with causation being 'understood to be but-for causation.'"[29]

---

[23] *See* Docket No. 55 at ¶¶ 98-106, 119.

[24] The only exception is a single conclusory allegation that the 2014 decision's "grounds for denial were a mere pretext to mask Defendants' targeted campaign of discrimination and retaliation against QT, Vargas, and his family." *Id.* at ¶ 107.  But Plaintiffs do not include any factual allegations to substantiate this assertion, and they have not named the officer who made that decision, Assistant Chief R.S. McRae, as a defendant.

[25] Plaintiffs did not include these written denials with their complaint, but Defendants have submitted them for judicial notice.  *See* Docket No. 62-1.  In ruling on a motion to dismiss, the court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  Because Plaintiffs' complaint refers to these letters and includes allegations of their contents, *see* Docket No. 55 at ¶¶ 104-107, 119, the court will consider them here.

[26] *See* Docket No. 62-1, Exs. D, E.

[27] *See id.*

[28] *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

[29] *Lacey v. Maricopa County*, 693 F.3d 896, 917 (9th Cir. 2012) (quoting *Hartman v. Moore*, 547

5
Case No. 15-cv-01756-PSG
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT

"[A]ction colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway."[30]

Plaintiffs argue that they do not seek review of CHP's decisions denying their applications for the TSA in 2014/15 and 2015/16. But, as above, an element of Plaintiffs' retaliation claim is that CHP would not have taken the action in question if not for a retaliatory motive. In other words, Plaintiffs must prove that CHP would have granted their applications if not for their animus against Plaintiffs. This, in turn, implicitly requires a finding that CHP erred in denying Plaintiffs' applications.[31] The court therefore cannot grant relief on this claim without effectively reversing CHP's decision—and that is exactly what the Ninth Circuit barred in *Miller*.

### III.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[32] Because Defendants raised their issue preclusion argument for the first time in this motion, the court cannot yet say that further amendment is futile. Leave to amend therefore is GRANTED. Any amended complaint must be filed within 21 days.

**SO ORDERED.**

Dated: May 26, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

U.S. 250, 260 (2006)).

[30] *Id.* (quoting *Hartman*, 547 U.S. at 260).

[31] In fact, Plaintiffs allege explicitly that CHP denied Plaintiffs' applications in both years only "on pre-textual grounds." Docket No. 55 at ¶¶ 131, 134.

[32] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

6
Case No. 15-cv-01756-PSG
ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT